IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:08-CR-00050-KDB-DSC-1

UNITED STATES OF AMERICA,

v.

DANIEL LLOYD AVERY KING,

Defendant.

ORDER

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, and appointment of counsel. (Doc. Nos. 31, 33). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Allenwood - Low[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

According to Defendant's Presentence Report, he suffers from high blood pressure, high heart rate and bowel problems and takes medication for each. (Doc. No. 19, ¶ 95). In his motion, Defendant states that he suffers from hypertension (Doc. No. 31 at 4). Medical records submitted

---

[1] According to the Bureau of Prison's (BOP) website, FCI Allenwood - Low currently has 65 inmates and 2 staff with confirmed active cases of COVID-19. There has been 1 inmate death and no staff deaths, while 248 inmates have recovered and 21 staff have recovered. Additionally, at the FCI Allenwood complex, 575 staff have been fully inoculated and 1,963 inmates have been fully inoculated.

by the Government with their response show that his hypertension has been resolved (Doc. No. 35 at 66, 79) that his heart rate is normal (*Id*. at 28) and that he takes medication for his bowel problems. (*Id*. at 78, 116). Furthermore, Defendant's BOP medical records confirm that he tested positive for COVID-19 on or about January 10, 2021, received medical care by medical professionals over the short period which he had the virus, and only experienced light flu-like symptoms. (Doc. No. 35).

The Government reports Defendant is vaccinated against COVID-19 as he received the first dose of the Moderna COVID-19 vaccine on February 24, 2021, and the second dose on March 24, 2021. (Doc. No. 36 at 1, referencing Doc. No. 35, at 71, 132-133). The Centers for Disease Control and Prevention (CDC) have evaluated the Delta variant of COVID-19 and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine,* www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19. Although Defendant tested positive for COVID-19 on or about January 5, 2022, he appears to be asymptomatic and currently is in isolation with medical professionals monitoring him. (Doc. No. 35 at 1-2). Accordingly, the Court finds no extraordinary and compelling reason for Defendant's release.

The Defendant also requests release so he can look after his ill father. Defendant described that during his childhood, he suffered from physical and mental abuse from his father who took out his anger on the family. (Doc. No. 19, ¶ 84). Defendant further reported that at least twice during his childhood, at ages 7 and 16, he went into foster care as his father continued to be physically and mentally abusive. *Id*. ¶¶ 86, 87. After foster care, Defendant and his brother were placed with their aunt. Although Defendant states in his motion that his brother has died and that

Defendant is the only one that can look after his father, there are Defendant's mother, stepfather, aunt and Defendant's daughters that could take turns looking after Defendant's father. *Id.* at ¶¶ 86, 91, 93). Accordingly, Defendant has not shown this to be an extraordinary and compelling reason for release.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings). Defendant has not established that the interests of justice require appointment of counsel in these circumstances at this time.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and appointment of counsel, (Doc. Nos. 31, 33), are **DENIED**.

**SO ORDERED.**

Signed: January 13, 2022

Kenneth D. Bell
United States District Judge